IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASTROWORLD LP AND SIX FLAGS OVER TEXAS, INC. | ) ) ) | |
| v. | ) ) | 3-07-CV-1901-AH |
| JONES MOTOR CO., INC. AND JONES MOTOR GROUP, INC. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the consents of the parties and the District Court's order of transfer in accordance with the provisions of 28 U.S.C. § 636(c) came on to be considered Plaintiffs' Motion to Remand (Doc. 11), Defendants' response (Doc. 16) and Plaintiffs' reply (Doc. 19), and the court finds and orders as follows:

Plaintiffs filed their original petition in the 193rd Judicial District Court of Dallas County, Texas, on October 15, 2007, against Jones Motor Co., Inc. and Jones Motor Group, Inc. (the "Jones Defendants"). The Defendants were served on October 18, 2007, and filed their original answer in state court on October 26, 2007, followed by the filing of their Notice of Removal on November 14, 2007 (Doc. 1).[1]

Plaintiffs seek an order remanding the case back to state court claiming that the Jones Defendants' effort to invoke this court's jurisdiction is fatally defective. In their notice of removal

---

[1] Prior to removal Plaintiffs filed their First Amended Original Petition in the state court in which two individuals - June Anne-Puntillo Fricke and Mark H. Fricke, citizens of Washington State were named as additional defendants. Pursuant to Tex. R. Civ. P. 5, the amended petition was filed on November 13, 2007, the date it was placed in the first class mail, although it was not physically received by the state district clerk until November 16, 2007, subsequent to the date on which the Jones Motor Defendants removed the case and filed copies of the state court file. *See* Joint Motion to Include Plaintiffs' First Amended Original Petition (Doc. 18). *See also Tanner v. City of Lubbock,* 2204 WL 1672224 *3 and n. 3 (N.D. Texas, July 21, 2004).

Defendants cited the Carmack Amendment in support of federal question jurisdiction, 28 U.S.C. §1441(b), as the basis for this court's subject matter jurisdiction. Plaintiffs in turn assert that since the claim for damages is based upon a shipment between Houston, Texas and Arlington, Texas, the element of interstate shipment required under the Carmack Amendment is lacking. In their response to Plaintiffs' motion Defendants concede that the Carmack Amendment does not apply, but it is undisputed that the requisite elements of a federal court's diversity jurisdiction, 28 U.S.C. § 1332 (a), are present in Plaintiffs' First Amended Original Petition.

Issue is joined on whether the Jones Defendants' failure to allege diversity of citizenship in their notice of removal renders the removal ineffective. In the court's review of the case law I have not found a Fifth Circuit case on point. However, the question has been addressed by several circuit courts and in numerous opinions and orders of district courts.

In the present case the Jones Defendants did not identify §1332(a) as a basis for this court's jurisdiction until set out in their response to Plaintiffs' motion to remand. In arguing that their failure to have identified diversity of citizenship in their notice of removal constitutes an insufficient basis for remanding this case to state court the Jones Defendants cite *Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir. 2006). In *Williams* the removing defendant alleged only federal question jurisdiction in its notice of removal. In note 1 of its opinion the court noted that 28 U.S.C. §1446(b) does not require that *all* grounds for removal be listed in the notice. It is not at all clear that this note should be read as broadly as the Jones Defendants wish. It appears that when removed to federal court the plaintiff's original complaint may have alleged a federal claim which was eliminated only after he filed an amended complaint which included state law claims only.

On the other hand the overwhelming majority of decisions which involve cases removed on

erroneously stated bases for federal jurisdiction hold that removal is defective. *See Hinojosa v. Perez*, 214 F.Supp. 2d 703 (S.D. Tex. 2002); *Blakeley v. United Cable Sys.*, 105 F.Supp. 2d 574, 579 (S.D. Miss. 2000); *Iwag v. Geisel Compania Maritina, S.A.*, 882 F.Supp. 597, 601 (S.D. Texas. 1995); *Holt v. Lockheed Support Sys. Inc.*, 835 F.Supp. 325, 327-28 (W.D. La. 1993); *Brown v. Allen Barge Line, Inc.*, 461 F.Supp. 2d 781, 785-86 (S.D. Ill. 2006); *Arancio v. Prudential Ins. Co. of America*, 247 F.Supp. 2d 333, 337 (S.D. N.Y. 2002).

In *Syngenta Crop Protection Inc. v. Henson*, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002), the Court reiterated that the statutory procedures for removal are to be strictly construed. In the present case the Jones Defendants did not identify diversity of citizenship in their notice of removal as a basis for federal jurisdiction nor did they seek to amend their notice within the thirty-day removal period. Therefore, I conclude that Plaintiffs' motion to remand is meritorious and will be granted.

Plaintiffs also seek an award of attorney's fees and expenses pursuant to 28 U.S.C. § 1447(c). Whether such fees should be awarded when a case is remanded to state court is a matter addressed to the discretion of the court and should only be assessed if the "removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper'." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004), citing *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). The Jones Defendants had objectively reasonable grounds to believe that this case was removable. It is undisputed that had their notice of removal identified diversity of citizenship [§1332(a)] as a basis for removal, this case would have remained in federal court. The fact that they erroneously relied on the Carmack Amendment to invoke federal court jurisdiction does not render their decision to remove this case one which warrants the imposition of fees and expenses.

IT IS, THEREFORE, ORDERED that Plaintiffs' motion to remand is GRANTED and this action is REMANDED to the 193rd Judicial District Court of Dallas County, Texas, for further proceedings.

IT IS FURTHER ORDERED that Plaintiffs' motion for an award of fees and expenses pursuant to 28 U.S.C. § 1447(c) is denied.

A copy of this order shall be transmitted to counsel for the parties.

SIGNED this 1st day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE